IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CALVIN SCOTT WEDINGTON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| C.R. EDWARDS, et al. | : | NO. 14-2883 |

MEMORANDUM

DAVIS, J.                                                                                    MAY 27, 2014

      Calvin Scott Wedington, #18915-037, a prisoner incarcerated at the Federal Medical Center in Rochester, Minnesota, filed this civil action against several defendants. Currently before the Court is plaintiff's motion to proceed *in forma pauperis*. For the following reasons, the Court will deny the motion pursuant to 28 U.S.C. § 1915(g).

      According to § 1915(g), a prisoner who on three or more prior occasions while incarcerated has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless he was in imminent danger of serious physical injury at the time that the complaint was filed. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 310-11 (3d Cir. 2001) (en banc). "[A] strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). "[D]ismissals for frivolousness prior to the passage of the

ENTERED
MAY 28 2014
CLERK OF COURT

1

PLRA are included among [a plaintiff's] three [strikes]." *Keener v. Pa. Bd. of Prob. & Parole*, 128 F.3d 143, 144-45 (3d Cir. 1997).

Plaintiff had accumulated at least three "strikes" for purposes of 28 U.S.C. § 1915(g) at the time he filed this action. *See, e.g., Wedington v. Taylor*, Civ. A. No. 11-1145 (D. Md.) (dismissing action pursuant to 28 U.S.C. § 1915A(b)(1); *Wedington v. United States*, Civ. A. No. 08-3115 (D. Md.) (dismissing action as legally frivolous); *Wedington v. Jenkins*, Civ. A. No. 95-870 (E.D.N.C.) (dismissing action as frivolous); *Wedington v. FCI-Butner*, Civ. A. No. 93-52 (E.D.N.C.) (dismissing action as frivolous); *Wedington v. Warden*, Civ. A. No. 92-6009 (E.D. Pa.) (dismissing action as frivolous pursuant to 28 U.S.C. § 1915(d)). Accordingly, he may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed his complaint. However, as his complaint concerns a shooting incident that took place in 1984 and subsequent litigation related to that incident, plaintiff's allegations do not establish that he was in imminent danger at the time he filed this action. Accordingly, the Court will deny his motion to proceed *in forma pauperis*. An appropriate order follows.